Hillsborough, ⎱
  Dec. 5, 1905. ⎰

## BROWN & a.  v.  GRENIER.

An examination of an applicant by one member of the state board of registration in dentistry is an unauthorized proceeding, and a certificate issued by him after such examination, without the knowledge and approval of another member of the board, is void.

A proceeding for the cancellation of an irregularly issued certificate of qualification in dentistry should be brought by the attorney-general in the name of the state.

BILL IN EQUITY, to set aside, cancel, and declare null and void the certificate or license issued to the defendant to practice dentistry in New Hampshire. A decree was entered for the plaintiffs, and the defendant excepted. Transferred from the May term, 1905, of the superior court by *Peaslee*, J., upon an agreed statement of facts.

During the year 1902, Frederick H. Brown, George A. Bowers, and William R. Blackstone, residing and having offices, respectively, at Lebanon, Nashua, and Manchester, were the duly constituted members of the state board of registration in dentistry, Blackstone being clerk of the board. In the latter part of February, 1902, Grenier wrote Blackstone from Brockton, Massachusetts, where he was employed in dentistry, inquiring whether the board would permit him to take examinations in French, and if so when. Blackstone replied that the board would allow him to take such an examination at any time, upon one week's notice to allow the board an opportunity to prepare questions.

Four or five weeks afterward Grenier notified Blackstone that he would come to Manchester to be examined one week later, and at the time appointed came to Blackstone's office for that purpose. He paid a fee of $10, and at this time inquired of Blackstone where the other examiners were. Blackstone said that he superintended all examinations; that examination papers were sent to the other members to be reviewed and were afterward returned to him with their findings; and that Grenier would be advised later as to the result, and a certificate would be issued to him if he passed a successful examination. Grenier then used the English language with difficulty and was unable to take the examination in that tongue, but was duly examined by Blackstone through an interpreter. The examination consumed several days. In addition to the written examination as to his knowledge of the theory of dentistry, Grenier gave a demonstration of his ability to do practical and operative work, according to the requirement of the board. About four weeks after the examination he wrote Blackstone from Brockton, inquiring as to the result, and was informed by mail that he had passed a satisfactory examination. No certificate was sent to him. A few days later he came to Manchester to get his certificate, or to learn why one had not been sent to him. Blackstone then told him that the answers in the examination papers being in French, there was an additional expense of $50 for the review of the same by the examiners. Grenier thereupon paid $50 to Blackstone and received the certificate in question, signed by all the members of the board.

According to the practice and understanding of the board, the written examination papers were submitted to and passed upon by each member, and applicants were required to present themselves at the office of each member. Brown and Bowers, for the convenience of Blackstone, had signed diplomas or certificates in blank, for issuance to such applicants as passed the examinations. Grenier's examination papers were never submitted to Brown and Bowers for approval, nor did he ever present himself at the office of either of them for examination. The examination was taken by Grenier in good faith. He is a graduate of Laval University of Montreal, at which institution he took the course in dentistry, and he also served three years as an apprentice to a well known dentist in Montreal. Upon receipt of his diploma or certificate, he at once fitted up dental parlors in Manchester, where he has since engaged in the practice of his profession.

*Branch & Branch* and *David W. Perkins*, for the plaintiffs.

*Aime E. Boisvert*, for the defendant.

BINGHAM, J.    In 1891, the legislature created the commission known as the "state board of registration in dentistry." Laws 1891, c. 43; P. S., c. 134.    Three dentists constitute the board (c. 134, s. 1), and two members of the board constitute a quorum for the performance of its duties (s. 2).    It is required to hold at least one session a year for the purpose of giving examinations to persons desiring to enter the profession (s. 2).    Any person can apply at a regular session and be examined "with reference to his knowledge and skill in dentistry and dental surgery" (s. 3).    Certificates or licenses are to be issued to such persons as, upon examination, the board find to be qualified (s. 3).    The practice of dentistry without a license from the board, by any person other than a practicing physician who is a graduate from the medical department of an incorporated college, is made a misdemeanor punishable by a fine not exceeding one hundred dollars (ss. 6, 7).

It seems clear that .the powers vested in the board by the act are of a judicial nature.    The subject-matter which it is to pass upon is the qualification of applicants to practice dentistry. While all three of the members may hear and pass upon the question, only two are required to constitute a valid tribunal.    An attempted exercise of jurisdiction by a less number is *coram non judice* and void.   ·*State* v. *Richmond,* 26 N. H. 232, 234.    It is agreed that the examination of the defendant was had before a single member of the board, and that the license which he holds was issued to him without the knowledge.and approval of any other member.    The decision of that member, not being authorized by the statute, is void, and the same is true of the license.   ·

The superior court, as a. court of general superintendence to prevent and correct errors and abuses of inferior tribunals, has jurisdiction to entertain a proceeding to correct the error disclosed by the case.    P. S., c. 204, s. 2.    The objection taken by the defendant, that the plaintiffs are not authorized to bring such a proceeding for the state, is well founded.    It can, however, be brought by the attorney-general, and the state board of registration in dentistry is a necessary party defendant because it is the official action of that board as a judicial tribunal which is attacked.

In its present form, the proceeding cannot be maintained, and the decree for the plaintiffs is erroneous.    Should the attorney-general see fit to adopt the proceeding, the state and the state board of examiners can be made parties by amendment, and the proceeding will then be a direct attack by the state upon the judgment.    If this is done, it is not probable any further hearing of the facts will be required.    Upon the.facts found, the state will be entitled to the decree asked for by the present plaintiffs.

*Case discharged.*

All concurred.